## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| COREY L. DIAMOND, | : |
| Plaintiff, | : |
| vs. | :      CA 19-0916-CG-MU |
| SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | |

## **REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff's *pro se* amended complaint (Doc. 3)[1] and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. §

---

[1] Plaintiff initially filed a form for violation of civil rights against the Social Security Administration on October 28, 2019. (Doc. 1). However, even before that complaint could be fully processed and referred to the undersigned, Plaintiff filed a form complaint for review of a social security decision on October 31, 2019 (Doc. 3). The undersigned finds that the complaint filed by Plaintiff on October 31, 2019 (Doc. 3) was meant to amend the complaint filed on October 28, 2019 (*see* Doc. 1) and, as a result, it is the operative pleading in this case. *Compare Rosa v. Florida Dep't of Corrections,* 522 Fed.Appx. 710, 714 (11th Cir. June 26, 2013) ("Under the Federal Rules of Civil Procedure, 'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.'" (quoting *Krinsk v. SunTrust Banks. Inc.,* 654 F.3d 1194, 1202 (11th Cir. 2011)) *with DeSisto College, Inc. v. Line,* 888 F.2d 755, 757-758 (11th Cir. 1989) (acknowledging as proper the denial as moot of defendant's motion to dismiss the first amended complaint because the plaintiff filed a second amended complaint), *cert. denied,* 495 U.S. 952, 110 S.Ct. 2219, 109 L.Ed.2d 544 (1990). Accordingly, this report and recommendation makes no reference to any of the allegations contained in the form civil rights complaint filed against the Defendant on October 28, 2019 (*see* Doc. 1). That this is the proper course to charter in this case is clear particularly since the first complaint would have to be read as raising a *Bivens* claim and the law is clear in this Circuit that, in general, a plaintiff cannot "bring a *Bivens* action against a federal agency" and, more specifically, "a plaintiff may not bring a *Bivens* action for money damages against the SSA." *Horne v. Social Security Admin.,* 359 Fed.Appx. 138, 143 & 144 (11th Cir. Jan. 4, 2010).

636(b)(1)(B) and General Local Rule 72(a)(2)(W). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff has failed to state a claim against the Social Security Administration/Social Security Disability and because Plaintiff has set forth no facts whatsoever in the operative complaint establishing that this Court can exercise jurisdiction over this matter, *see id.*[2]

## BRIEF BACKGROUND

On October 31, 2019, the *pro se* Plaintiff filed a form complaint for review of a social security disability or supplemental security income decision against "Social Security, Disability." (Doc. 3, at 1.) Plaintiff thereafter supplies identifying information about himself and the Defendant, though he identifies the Defendant as "U S Social Security" (*id.* at 2). As the basis for jurisdiction, Plaintiff check-marked the box identifying his claim as a Title II claim for disability insurance benefits. (*Id.*) Instead of answering the subsequent question regarding the **date** he received notice that the Commissioner's decision was final, he wrote the following words/phrases: "civil case fill

---

[2] In light of the contents of this Report and Recommendation, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (Doc. 2).

the form ever[y] lawyer I can (sic) did not want to take the case [because] it came for (sic) police brutality[.]*" (*Id.* at 3.) Moreover, Diamond did not attach to this form complaint a copy of the Commissioner's final decision and a copy of the notice he received from the Social Security Appeals Council that his appeal was denied, as the form complaint instructed. (*See id.*) Finally, in the "Statement of Claim" section of the form complaint, Diamond wrote that he had "a head injury and could not get a lawyer" (*id.*) immediately following the prompt that he explain why the Commissioner's factual findings were not supported by substantial evidence (*id.*).[3]

## **DISCUSSION**

Upon a review of Diamond's sparse complaint, it is decidedly unclear to the undersigned whether Plaintiff's amended pleading is intended to be: (1) an application for disability insurance benefits, which must be presented to the Social Security Administration; or (2) an appeal of a final decision of the Commissioner of Social Security denying a claim he made for disability insurance benefits.

There can be little question but that "[t]he Social Security Act allows for judicial review of 'any final decision [of the Commissioner of Social Security] made after a hearing[.]'" *Smith v. Berryhill,* ___ U.S. ___, 139 S.Ct. 1765, 1771, 204 L.Ed.2d 62 (2019), quoting 42 U.S.C. § 405(g). As the Supreme Court has explained, this provision "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the

---

[3] Plaintiff placed a checkmark in each box in the "Relief" section of the form complaint. (*See id.* at 3-4).

administrative remedies prescribed by the Secretary[4] be exhausted.'" *Id.* at 1773 (footnote added), quoting *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). With respect to this latter, non-jurisdictional element, the Court in *Smith* observed that "[w]hile § 405(g) delegates to the SSA the authority to dictate which steps are generally required,[5] . . ., exhaustion of those steps may not only be waived by the agency, . . ., but also excused by the courts[.]" *Id.* at 1773-74. The Court went on to recognize that "the phrase 'final decision' clearly denotes some kind of terminal event," *id.* at 1774, and held that "[w]here, as here, a claimant has received a claim-ending timeliness determination from the agency's last-in-line decisionmaker after bringing his claim past the key procedural post (a hearing) mentioned in § 405(g), there has been a 'final decision . . . made after a hearing' under § 405(g)." *Id.* at 1777; *see also id.* at 1780 ("We hold that where the SSA's Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a 'final decision . . . made after a hearing' within the meaning of § 405(g).").

In this case, Plaintiff does not meet the pleading requirements of Federal Rule of Civil Procedure 8, which requires a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed.R.Civ.P. 8(a).

---

[4] Now, not the Secretary, but, instead, the Commissioner of Social Security.

[5] "Modern day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. . . . If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court." *Smith,* 139 S.Ct. at 1772.

Initially, not only does Diamond not allege facts sufficient to show a terminal event bringing his claim past the key procedural post of a hearing, for purposes of seeking judicial review under § 405(g), he has not even alleged the clear "jurisdictional" requirement that he presented a claim/application for benefits to the Social Security Administration in the first instance.[6] *See generally Smith, supra.* In addition, Diamond has not provided sufficient facts regarding the basis for his claim, including the nature of the claim, if any, presented to the Commissioner. If Diamond seeks to appeal a decision denying him disability benefits, he must provide the onset date of disability giving rise to his claim, the date he applied for disability benefits, the date those benefits were denied, state why the Commissioner's factual findings are not supported by substantial evidence in the record[7] or, otherwise, identify legal errors of the Commissioner, and attach a copy of the adverse decision of the ALJ made after a hearing (as well as any subsequent decision by the Appeals Council) and any other correspondence he received with regard to his claim. *Compare Aka v. SSA Appeals Officers,* 2013 WL 6191062, *2 (N.D. Ga. Nov. 25, 2013) (requiring the plaintiff appealing the denial of disability benefits to, among other things, name the Commissioner of Social Security as the defendant and state the date she applied for benefits) *with Sol J. v. Commissioner, Social Security Administration,* 2018 WL 8452559, *3 & 4 (N.D. Ga. Dec. 21, 2018)

---

[6] This latter failure, of course, provides the basis for the undersigned's lack of clarity about the nature of Plaintiff's complaint, specifically, whether it is intended to be an application for benefits. Indeed, given Plaintiff's various statements in his complaint (that no attorney would represent him and/or he had a head injury and could not get a lawyer), it appears likely that he never filed an application for benefits with the SSA.

[7] Here, of course, Plaintiff does not allege that the Commissioner's factual findings (if there were any) are not supported by substantial evidence; instead, he simply states that "[a]t the time [he] ha[d] a head injury and could not get a lawyer[.]" (Doc. 3, at 3.)

(finding plaintiff failed to state a plausible claim for relief where he failed to allege that "the Commissioner's factual findings were not supported by substantial evidence or that the decision was based on a legal error" but, further ordering an amendment to include the information referenced in *Aka*, along with a statement regarding the onset date of his disability, the date he was denied benefits, the attachment of a copy of the adverse decision of the ALJ made after a hearing and any correspondence he received with regard to his claim, a statement as to the date he appealed the ALJ's adverse decision to the Appeals Council, a statement regarding the date he received the adverse decision from the Appeals Council, and the attachment of a copy of the adverse decision of the Appeals Council along with any correspondence he received regarding his administrative appeal).[8]

In light of the foregoing, the undersigned recommends that the Court find that Plaintiff's complaint in this action is insufficient to survive the review required under 28 U.S.C. § 1915(e)(2)(B) and dismiss this case without prejudice prior to service of process.

## **CONCLUSION**

---

[8] The undersigned parenthetically notes that "[b]ecause Plaintiff is proceeding under § 405(g) in this action, the only proper defendant is the Commissioner [of Social Security]." *Smith v. Medicare Appeals Unit,* 2012 WL 442983, *3 (S.D. Ga. Jan. 23, 2012) (citations omitted), *report and recommendation adopted,* 2012 WL 442780 (S.D. Ga. Feb. 10, 2012); *see also Anderson v. Stalley,* 2017 WL 989301, *4 (S.D. Ala. Feb. 15, 2017) ("[T]he Commissioner is the only proper defendant in an action challenging the denial of Social Security benefits."), *report and recommendation adopted,* 2017 WL 987459 (S.D. Ala. Mar. 14, 2017); *Sparks v. Brown,* 2010 WL 1381897, *1 (M.D. Ala. Mar. 18, 2010) (finding § 405(g) "clearly contemplates that the Commissioner is the proper defendant in such actions."), *report and recommendation adopted,* 2010 WL 1381895 (M.D. Ala. Apr. 2, 2010); *see Krupski v. Costa Crociere, S.p.A.,* 560 U.S. 538, 550, 130 S.Ct. 2485, 2495, 177 L.Ed.2d 48 (2010) (discussing proper defendant in § 405(g) actions). Therefore, neither the Social Security Administration nor Social Security Disability is a proper defendant in a § 405(g) action.

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff's Complaint fails to establish that this Court has subject-matter jurisdiction over his claims and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The undersigned further **RECOMMENDS** that Plaintiff be extended leave to file an amended complaint, *see Butler v. Morgan,* 562 Fed.Appx. 832, 83 5 (11th Cir. Apr. 3, 2014) (finding that a district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure noted deficiencies), but be cautioned that he must supply additional information to satisfy this Court that it may exercise subject-matter jurisdiction and that he has a plausible claim for relief against the Commissioner of Social Security.[9]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

---

[9] To this end, in any amended complaint, Plaintiff, at a minimum **SHALL**: (1) state (again) that he brings the action pursuant to 42 U.S.C. § 405(g); (2) name the Commissioner of Social Security, Andrew M. Saul, as Defendant in this case; (3) state the date of onset of his disability; (4) state the ***date he applied*** for Social Security benefits and the date those benefits were denied; (5) attach a copy of his application for benefits and a copy of any adverse decision of the Administrative Law Judge ("ALJ") made after a hearing and any correspondence he received regarding his claim; (6) state the date he appealed the adverse decision of the ALJ to the Appeals Council; (7) state the date he received an adverse decision from the Appeals Council; and (8) attach a copy of the adverse decision of the Appeals Council and any other correspondence he received with regard to his administrative appeal. Again, if Plaintiff has never filed an application/claim for disability insurance benefits with the Mobile office of the Social Security Administration, he must do so before he seeks review in this Court.

72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of November, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**