IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COREY L. DIAMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CA 19-916-CG-MU |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## JUDGMENT

In accordance with the order entered on this date, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff's Complaint fails to establish that this Court has subject-matter jurisdiction over his claims and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). It is further **ORDERED** that Plaintiff is extended leave to file an amended complaint by **not later than December 30, 2019**, *see Butler v. Morgan,* 562 Fed.Appx. 832, 835 (11th Cir. Apr. 3, 2014) (finding that a district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure noted deficiencies); however, Plaintiff is specifically cautioned that he must supply additional information to satisfy this Court that it may exercise subject-matter jurisdiction and that he has a plausible claim for relief against

the Commissioner of Social Security.[1]

**DONE and ORDERED** this 16th day of December, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Indeed, in any amended complaint, Plaintiff, at a minimum **SHALL**: (1) state that he brings the action pursuant to 42 U.S.C. § 405(g); (2) name the Commissioner of Social Security, Andrew M. Saul, as Defendant in his case; (3) state the date of onset of his disability; (4) state the ***date he applied*** for Social Security benefits and the date those benefits were denied; (5) attach a copy of his application for benefits and a copy of any adverse decision of the Administrative Law Judge ("ALJ") made after a hearing and any correspondence he received regarding his claim; (6) state the date he appealed the adverse decision to the Appeals Council; (7) state the date he received an adverse decision from the Appeals Council; and (8) attach a copy of the adverse decision of the Appeals Council and any other correspondence he received with regard to his appeal. Again, if Plaintiff has never filed an application/claim for disability insurance benefits with the Mobile office of the Social Security Administration, he must do so before he seeks review in this Court.